IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DONNIE R. KENNEDY                                                                                      PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:16-CV-240-SA-DAS

PIONEER CREDIT COMPANY                                                                          DEFENDANT

MEMORANDUM OPINION

Donnie Kennedy filed his Complaint [1] in this Court on December 28, 2016 alleging that his former employer, Pioneer Credit Company, fired him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et. seq*. Kennedy was sixty-two years old at the time he was fired. Now before the Court is Defendant Pioneer Credit's Motion for Summary Judgment [39], requesting judgment in its favor on all of Kennedy's claims and dismissal of this action with prejudice. The issues are fully briefed and ripe for review.

*Factual and Procedural Background*

Kennedy worked in the consumer finance industry for more than thirty years, starting as a collector and quickly working his way up to a branch manager. Starting in 1986, Kennedy managed branches for a few different companies in Northeast Mississippi, including branches in Amory, Booneville, and Tupelo, Mississippi. In 2010, the owners of Pioneer recruited Kennedy to open a new branch in Tupelo. Kennedy accepted the job, and recruited his own staff to run the branch.

In December of 2014, the owners sold the company to Mariner Finance. Mariner kept doing business under the name Pioneer but made many other changes, including implementing a new computer system that removed manager discretion in deciding whether to make loans. Some of these changes were hard for Kennedy, and he did not like some of the changes.

Early in 2016, Kennedy's area supervisor Jim Campbell told him that Mariner planned to close the nearby Pontotoc branch and move all of the Pontotoc accounts to Tupelo. On March 2, 2016, Pioneer Vice President Ricky Hentz came to the Tupelo Branch and told Kennedy that he was there to let him go. After Pioneer fired Kennedy, it closed the Pontotoc branch and promoted the assistant manager from the now closed Pontotoc branch, Corey Caygle, to branch manager at the Tupelo location. Kennedy was sixty-two years old when Pioneer fired him. Caygle was thirty-one years old when he took over as manager at the Tupelo branch.

Pioneer now requests summary judgment in its favor arguing that Kennedy cannot establish a *prima facie* case of age discrimination, and that even if he could, he cannot show that "but for" his age, he would not have been terminated.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted).

*Age Discrimination*

Under the Age Discrimination in Employment Act, an employer may be liable for "discharg[ing] any individual . . . because of such an individual's age." 29 U.S.C. § 623(a)(1). To prove discriminatory termination under the ADEA, a plaintiff must show that but for the alleged discrimination, he would not have been terminated. *Gross v. FBL Financial Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). When, as here, a plaintiff seeks to establish his claim with circumstantial evidence only, the Court assesses the sufficiency of the evidence using the *McDonnell Douglas* burden-shifting framework. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (citation omitted).

Within the *McDonnell Douglas* contours, Kennedy must first establish a *prima facie* case of age discrimination, "at which point, the burden shifts to the employer to articulate a legitimate non-discriminatory reason for the employment decision." *Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007). If Pioneer meets its burden of production, Kennedy must introduce evidence from which a jury could infer that Pioneer's proffered reasons are not true —but are instead a pretext for discrimination— or that even if the proffered reasons are true, Kennedy was terminated "because of" his age. *Miller*, 716 F.3d at 144 (citing *Gross*, 557 U.S. at 180, 129 S. Ct. 2343). To demonstrate pretext under the ADEA, Kennedy must offer evidence to rebut *each* of the employer's proffered reasons. *E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1180 (5th Cir.

3

1996) (en banc) (quoting *Grimes v. Tex. Dept. of Mental Health & Mental Retardation*, 102 F.3d 137, 140–41 (5th Cir. 1996)).

*Age Discrimination: Prima Facie Case*

To establish a *prima facie* case of discriminatory termination under the ADEA, Kennedy must demonstrate that he: (1) was discharged, (2) was qualified for the position held, (3) was a member of the protected class, and (4) was either replaced by someone younger, replaced by someone outside the protected class, or otherwise discharged because of his age. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 455 (5th Cir. 2011) (citing *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004)).

Pioneer does not dispute the first three elements, but argues that Kennedy cannot establish a *prima facie* case because he cannot show either that he was replaced by someone younger, or otherwise discharged because of his age. *See id*. Pioneer argues that it did not replace Kennedy with Caygle. Instead, Pioneer argues, it consolidated the two branches and was left with two managers when it only needed one. According to Pioneer "[a]lthough Pioneer had to select between retaining Mr. Kennedy or Mr. Cagyle, Mr. Kennedy was not replaced." It is undisputed that the Tupelo branch remained open, and that after Pioneer fired Kennedy, Caygle was the manager of the Tupelo branch. Pioneer fails to point to any additional specific facts or analogous caselaw to support its consolidation–replacement distinction.[1]

The Court finds that the issue of whether Caygle replaced Kennedy involves precisely the type of fact and credibility weighing that is best suited for jury consideration. *See Reeves*, 530 U.S. at 150, 120 S. Ct. 2097. In this summary judgment context, the Court finds Pioneer's distinction

---

[1] Pioneer also argues very briefly that Kennedy's termination was a result of a "reduction in force" but fails to point to any evidence or legal argument to support this contention. In addition, Kennedy has brought forth substantial evidence from which a jury could infer that he was clearly better qualified, notably that Caygle had never been a branch manager, raising a genuine issue of material fact on this issue.

4

between consolidation and replacement largely semantic, especially considering Pioneer has failed to advance any supporting facts. Construing the relevant facts that are in the record in Kennedy's favor, the Court finds that a reasonable jury could conclude that Pioneer replaced Kennedy with Caygle, who is substantially younger, thus establishing a *prima facie* case.

*Age Discrimination: Pretext and But-For Causation*

Because Kennedy has established a *prima facie* case of age discrimination, "the burden shifts to [Pioneer] to articulate a legitimate non-discriminatory reason for the employment decision." *Berquist*, 500 F.3d at 349. Pioneer has advanced two "legitimate non-discriminatory" reasons for Kennedy's termination. First, Pioneer contends that because delinquencies rise when a branch closes, the fact that Caygle lived in Pontotoc would help maintain a connection with the Pontotoc customers and help keep delinquencies down. Second, Vice President Hentz believed that Caygle was more aggressive and "more outgoing" than Kennedy, and that these personality traits would help the Tupelo branch increase business.

Because Pioneer met its burden of production, Kennedy must introduce evidence from which a jury could infer that Pioneer's proffered reasons are not true —but are instead a pretext for discrimination— or that even if the proffered reasons are true, Kennedy was terminated "because of" his age. *Miller*, 716 F.3d at 144 (citing *Gross*, 557 U.S. at 180, 129 S. Ct. 2343).

To rebut Pioneer's delinquency argument, Kennedy has produced evidence through testimony that delinquencies do not rise substantially when a branch is closed and accounts are transferred to another office. Kennedy has also produced evidence that delinquencies do usually increase when a manager is replaced. In essence, Kennedy argues that if Pioneer's decision to terminate him was motivated by protecting its business by lessening disruption, why would it disrupt two branches instead of just one. Kennedy has also produced evidence that at the time he

5

was fired, the Tupelo branch was profitable, and the Pontotoc branch had been losing money for some time. Because Kennedy has produced evidence that directly contradicts the evidence pointed to by Pioneer to support its delinquency argument, the Court finds that Kennedy has raised a genuine issue of material fact as to whether Pioneer's first proffered non-discriminatory reason for firing him is true, or whether it is pretext for age discrimination.

Next, Kennedy argues that Hentz's opinion that Cagyle was more aggressive and outgoing is just a euphemism for saying that Cagyle is younger. Kennedy also argues that he had significantly more experience and that his branch was much more profitable than the one where Caygle worked. Kennedy has also brought forth evidence that area supervisor Campbell was worried that Caygle could not handle the Tupelo branch. In short, Kennedy argues that although in Hentz's opinion Caygle was more aggressive, the numbers demonstrate that Kennedy was the more experienced, successful, and profitable manager. Again, Kennedy has produced evidence that directly contradicts the evidence produced by Pioneer. As such, Kennedy has raised a genuine issue of material fact as to whether Pioneer's proffered reason for terminating him is true, or whether the real reason was his age.

Construing these contradictory facts in Kennedy's favor, the Court is of the opinion that a reasonable jury could infer that Pioneer's proffered reasons are not true —but are instead a pretext for discrimination— or that even if the proffered reasons are true, Kennedy was terminated "because of" his age. *Miller*, 716 F.3d at 144 (citing *Gross*, 557 U.S. at 180, 129 S. Ct. 2343). Because Kennedy has designated these "specific facts showing that there is a genuine issue for trial," Pioneer's request for summary judgment is denied.[2]

---

[2] In its Reply Brief, Pioneer raised the argument that the decision to fire Kennedy was a business decision, and that "[e]mployment discrimination laws are 'not intended to be a vehicle for judicial second guessing of business decisions, nor . . . to transform the courts into personnel managers.'" *See McDaniel v. Nat'l R.R. Passenger Corp.*, 705 F. App'x 240, 246 (5th Cir. 2017). Because this argument was raised for the first time in a reply brief, and the Plaintiff had no

*Other Matters*

After discovery and summary judgment briefing in this case closed, the Plaintiff moved to reopen discovery. Kennedy argued that he heard through a series of people that Hentz no longer worked for the company, and that Hentz admitted to other current and former employees that after Mariner bought Pioneer there was a directive from Mariner's CEO to "get rid of longtime older employees." Kennedy argues that this is direct evidence of age discrimination in his case, and requested to reopen discovery to depose Hentz and others on this issue. Essentially Kennedy argues that Hentz changed his story after he left the company. The Magistrate Judge assigned to this case denied Kennedy's request to reopen discovery finding the multiple layers of hearsay and rumor too tenuous to support reopening discovery at this late stage. Kennedy appealed that decision to this District Judge.

The Court agrees with the Magistrate Judge's decision to refuse to reopen discovery based on such remote and tenuous hearsay, especially considering that the Plaintiff did have ample opportunity to depose these witnesses and investigate their testimonies previously. This Court also recognizes that the denial of summary judgment in this case, as outlined above, essentially moots this issue, as the Plaintiff will likely have the opportunity to examine these witnesses at trial, and place them under subpoena if necessary. For these reasons, the Plaintiff's Motion to Appeal the Magistrate Judge's Decision [59], and the affiliated Motions to Stay Summary Judgment [49], to Supplement the Briefing [55], and the Defendant's Motion to Strike [54], are all denied.

*Conclusion*

For all of the reasons fully examined and explained above, the Defendant's Motion for

---

opportunity to respond, it is not properly before the Court. *See AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011). Given the many genuine issues of material fact outlined above, the Court is of the opinion that additional briefing on this particular argument would not alter the summary judgment outcome.

Summary Judgment [39] is DENIED.

The Plaintiff's Motion to Stay Summary Judgment [49], Motion to Supplement [55], and Motion to Appeal the Magistrate Judge's Decision [59] are all DENIED.

The Defendant's Motion to Strike [54] is DENIED.

So ORDERED on this the 29th day of May, 2018.

    /s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE